DISSENTING OPINION
I respectfully dissent.
The majority acknowledges that the term "day" in the provision for "240 days severance pay" is to be given its ordinary meaning, that is, "a twenty four [sic] hour period." The majority views the plaintiff's argument as requesting we read something additional — to modify "240 days severance pay" to "240 business days."
I do not see plaintiff's interpretation as a modification. On the contrary, it is the majority's reading that imposes a modification when it reduces the "240 days of severance pay" specified in the contract to 240 days do not include weekends. That assumption is unwarranted. We must begin with the language of the relevant section of the contract. The contract does not say the employee is to be paid for a 240-day period. Rather, it specifies 240 days severance pay. Employee is entitled to 240 days of pay because that is the plain meaning of the contract. If this phrase were ambiguous, and it is not, then the ambiguity should be construed against the drafter.
The rest of the contract is not helpful in changing the plain meaning here. References, for example, to provisions of notice
are customarily calendar days and could not explain an intent for pay. Nor is the provision regarding a successor company relevant since it specifically says eighteen months. One could just as easily argue that by expressly changing the word the drafter intended a different meaning.